

666 Broadway, 7th Floor<br>
New York, NY 10012<br>
(212) 614-6464

August 9, 2013

Hon. Mark Falk
United States Magistrate Judge
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

    Re:    *Hassan, et al. v. City of New York*, No. 2:12-cv-3401 (W.J.M.)

Dear Judge Falk:

    Plaintiffs in the above-captioned case respectfully request that Your Honor issue a scheduling order pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16.1, as soon as is practicable.

    Plaintiffs – a broad range of New Jersey Muslim individuals, Muslim-owned businesses, and Muslim student and religious organizations – bring a civil rights action alleging that the New York City Police Department's blanket surveillance of American Muslims throughout the Northeast violates the U.S. Constitution, specifically the Equal Protection Clause of the Fourteenth Amendment and the Free Exercise and Establishment Clauses of the First Amendment.  Plaintiffs served Defendant with their First Amended Complaint (Doc. 10) on October 4, 2012.  Defendant moved to dismiss on December 6, 2012 (Doc. 15), to which Plaintiff responded on January 25, 2013 (Doc. 22), and Defendant replied on February 25, 2013 (Doc. 34).  On April 22, 2013, the case was reassigned to Judge Martini and Your Honor.

    The Court has not issued a Rule 16 scheduling order.  The local rules establish a general practice that "[t]he initial conference shall be scheduled within 60 days of filing of an initial answer, unless deferred by the Magistrate Judge due to the pendency of a dispositive or other motion." Local Rule 16.1(a)(1).  Neither Your Honor nor the previous Magistrate Judge to whom the case was assigned has formally deferred the conference during the eight months since Defendant filed its initial answer, which in this case was the Motion to Dismiss.

    Plaintiffs ask the Court to issue a Rule 16 scheduling order as contemplated by Local Rule 16.1 notwithstanding the pending Motion to Dismiss for two reasons.  First, even a cursory reading of the First Amended Complaint reveals that the detailed factual allegations, based largely on Defendant's own documents, more than adequately support the merits of Plaintiffs'

1

constitutional claims and their standing to bring them.  Second, because Plaintiffs are suffering serious, continuing constitutional violations as a result of Defendants' unlawfully discriminatory practices,[1] they should be permitted to prosecute their claims without substantial further delay.

      Thank you for your consideration of Plaintiffs' request.

      Respectfully submitted,

      /s/ *Baher Azmy*

      Baher Azmy

cc (via ECF):  Peter Farell, Esq. (counsel for Defendant)
               Ravinder Bhalla, Esq. (co-counsel for Plaintiffs)
               Glenn Katon, Esq. (co-counsel for Plaintiffs)

---

[1] First Amended Complaint ¶ 13 (NYPD surveillance is jeopardizing security clearance of U.S. Army Reservist); ¶ 17 (ability of Muslim Student Associations to fulfill the spiritual needs of their members in a confidential manner is being impaired); ¶ 23 (Muslim Foundation Inc.'s ability to fulfill its religious mission is being harmed); ¶ 64 (as part of the NYPD surveillance program, officers frequently go back to surveillance locations to make sure they have not changed, updating their information is part of the officers' duties and responsibilities, and New York City officials have made clear that they believe the NYPD's targeting of Muslims for surveillance on the basis of their religion is appropriate and will continue).